UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM MICHAEL KENDALL,<br><br>    Plaintiff,<br><br>    v.<br><br>BRAZIL, et al.,<br><br>    Defendants. | No. 2:24-cv-3801 CSK P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. As of January 22, 2025, plaintiff was housed at Corcoran State Prison, Corcoran ("CSP-COR"). This proceeding was referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff filed a complaint, accompanied by a motion for temporary restraining order and preliminary injunction, and a motion to proceed in forma pauperis. (ECF Nos. 1, 2, 3.) Plaintiff's complaint has not yet been screened.

As set forth below, the undersigned provides an opportunity to the California Department of Justice, which typically represents state government individuals in 42 U.S.C. § 1983 suits brought by state prisoners, to submit a response to the motion for temporary restraining order and preliminary injunction and requests that a response be submitted.

Plaintiff's Complaint

In his complaint, plaintiff alleges that while he was housed at Mule Creek State Prison

1  ("MCSP") from March 22, 2024, to October 10, 2024, he suffered systemic retaliation in
2  violation of the First Amendment, an unreasonable strip search in violation of the Fourth
3  Amendment, excessive force in violation of the Eighth Amendment, deliberate indifference in
4  violation of the Eighth Amendment, as well as various state law violations.  (ECF No. 1 at 20.)
5  Plaintiff claims that all of these violations resulted in plaintiff being issued 17 rule violation
6  reports ("RVRs"), more than he has received at any other prison in eight years, all in retaliation
7  for plaintiff filing grievances or advising the correctional officer that plaintiff would file a
8  grievance against him or her.  (ECF No. 1 at 21.)  Plaintiff included multiple causes of action in
9  support of his claims.  (Id. at 23-91.)

10  Plaintiff alleges that he is currently housed in administrative segregation ("ASU") at CSP-
11  COR because he "was attacked by MCSP prison guards."  (Id. at 22.)

12  As relief, plaintiff seeks a declaratory judgment; an injunction requiring Warden Covello
13  to require every prison guard to wear a body camera, to record all inmate's disciplinary hearings,
14  immediately address the systemic retaliation and other misconduct at MCSP, and halt training any
15  new prison guards for MCSP "until the systemic retaliation is rooted out and the toxic culture of
16  MCSP changed;" appoint a special master to carry out the injunction; and compensatory and
17  punitive damages.  (ECF No. 1 at 92-108.)

18  Motion for Temporary Restraining Order and Preliminary Injunction

19  In his motion for a temporary restraining order and preliminary injunction, plaintiff claims
20  he was transferred from MCSP to CSP-COR "because plaintiff is part of a mental health program
21  that they do not offer at MCSP."  (ECF No. 2 at 12.)  Plaintiff states that at a December 4, 2024
22  committee at CSP-COR, plaintiff was informed he would remain in ASU until March, and then
23  he would be returned to MCSP.  (Id.)  Plaintiff contends that if he "is forced to return to MCSP,
24  he will face further irreparable injury and further bodily injury."  (Id.)

25  Temporary restraining orders are generally governed by the same standard applicable to
26  preliminary injunctions, except that preliminary injunctions require notice to the adverse party.
27  See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126
28  (E.D. Cal. 2001); Fed. R. Civ. P. 65(a).  However, Eastern District of California Local Rule 231

requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances." E.D. Cal. Local Rule 231(a)-(b).

Because the Court has not yet screened or served the complaint, no defendant has received notice of plaintiff's pending motion. But due to the nature of plaintiff's allegations and request for a temporary restraining order, the Court provides an opportunity to the California Department of Justice to submit a response to the motion and requests that a response be submitted.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to serve a copy of this order, plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 2), and plaintiff's complaint (ECF No. 1) on California Department of Justice Senior Assistant Attorney General Monica N. Anderson and Supervising Deputy Attorney General R. Lawrence Bragg, 1300 I Street, Suite 125, Sacramento, CA 95814, and

2. Should the California Department of Justice elect to submit a response to plaintiff's motion for temporary restraining order and preliminary injunction, the response should be submitted on or before close of business on Friday, January 31, 2025.

Dated: January 24, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/kend3801.tro.fb