1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM KENDALL,<br><br>              Plaintiff,<br><br>     v.<br><br>BRAZIL, et al.,<br><br>              Defendants. | No. 2:24-cv-3801 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se, and is currently housed at California State Prison, Corcoran ("CSP-COR"). Plaintiff filed a motion for temporary restraining order and preliminary injunction along with his civil rights complaint under 42 U.S.C. § 1983. The Court has not yet screened the complaint. On January 24, 2025, the Court requested that the Office of the Attorney General provide a response to plaintiff's motion. (ECF No. 7.) Following a brief extension of time, the Office of the Attorney General, by special appearance, provided a response. (ECF No. 11.) On February 26, 2025, plaintiff's reply was entered on the Court's docket.[1] As

---

[1] Under the prison mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prison delivered it to the prison authorities for mailing to the court clerk. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108-09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions). Plaintiff's proof of service was dated February 20, 2025, but under Local Rule 230(l), his reply was due on February 18, 2025. Although plaintiff's reply was late, the Court will consider the reply. Plaintiff is cautioned, however, that as a pro se litigant he is also required to comply with Court deadlines and, if unable to do so, he must request an extension of time before the deadline expires.

1

discussed below, the Court recommends that plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 2) be denied.

## I. PLAINTIFF'S COMPLAINT

In his complaint, plaintiff alleges that while he was housed at Mule Creek State Prison ("MCSP") from March 22, 2024, to October 10, 2024, he suffered systemic retaliation in violation of the First Amendment, an unreasonable strip search in violation of the Fourth Amendment, excessive force in violation of the Eighth Amendment, deliberate indifference in violation of the Eighth Amendment, as well as various state law violations. (ECF No. 1 at 20.) Plaintiff claims that all of these violations resulted in plaintiff being issued 17 rule violation reports ("RVRs"), more than he has received at any other prison in eight years, all in retaliation for plaintiff filing grievances or advising the correctional officer that plaintiff would file a grievance against him or her. (Id. at 21.) Plaintiff included multiple causes of action in support of his claims. (Id. at 23-91.)

Plaintiff alleges that he "was thrown in the hole" at CSP-COR because he "was attacked by MCSP prison guards." (Id. at 22.)

As relief, plaintiff seeks a declaratory judgment, and an injunction requiring Warden Covello to: (a) require every prison guard to wear a body camera, (b) record all inmates' disciplinary hearings, (c) immediately address the systemic retaliation and other misconduct at MCSP, and (d) halt training any new prison guards for MCSP "until the systemic retaliation is rooted out and the toxic culture of MCSP changed." (Id. at 92-106.) Plaintiff also asks the Court to appoint a special master to carry out the injunction, and seeks compensatory and punitive damages. (Id. at 106-08.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons

why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are generally governed by the same standard applicable to preliminary injunctions, except that preliminary injunctions require notice to the adverse party. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231 requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. E.D. Cal. Local Rule 231(a)-(b). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). A temporary restraining order will not issue if plaintiff merely shows irreparable harm is possible—a showing of likelihood is required. Id. at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief. Id. at 636; see also Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020) (the court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an

3

inmate's confinement unrelated to the claims before it.").

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

III.   PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff's motion for a temporary restraining order and preliminary injunction seeks an order "to immediately halt his transfer back to MCSP to avoid further bodily injury and further civil rights violations," and asks the Court to "restore the status quo and place him at a level 3 facility consistent with the level 3 override he earned before being forced to MCSP and becoming the victim of [defendants'] retaliation." (ECF No. 2 at 1, 7.) Plaintiff also asks the Court to decide where plaintiff should be housed to avoid further retaliation, although he asks to be housed at California Medical Facility ("CMF") or California Men's Colony ("CMC") because those prisons are single cell facilities which would enable plaintiff "to prosecute this case better, finish getting the requisite college credits, and continue his legal studies." (ECF No. 2 at 7.)

Plaintiff claims he was transferred from MCSP to CSP-COR "because plaintiff is part of a mental health program that they do not offer at MCSP." (Id. at 12.) Plaintiff states that at a December 4, 2024 committee at CSP-COR, plaintiff was informed he would remain in the hole until March, and then he would be returned to MCSP. (Id.) Plaintiff contends that if he "is forced to return to MCSP, he will face further irreparable injury and further bodily injury." (Id.)

4

In addition, plaintiff claims he remains in the hole at CSP-COR,[2] has been subjected to excessive force, is being deprived of sleep, and is not permitted legal materials. (Id. at 8.) Plaintiff intends to amend his complaint to include these new claims and defendants, claiming such new claims arose out of the incidents alleged in his complaint. (Id.)

IV.   DISCUSSION

The Court finds that plaintiff's motion should be denied because plaintiff improperly seeks injunctive relief for claims not raised in the complaint. Plaintiff's motion to stop his transfer back to MCSP is not based on the claims raised in the complaint. Although plaintiff raises other causes of action, the gravamen of plaintiff's complaint is that he suffered systemic retaliation at MCSP in violation of the First Amendment, and in the complaint, he does not seek an injunction prohibiting his housing at MCSP. (See ECF No. 1 at 106-08.) As discussed above, the Court cannot grant injunctive relief regarding claims not raised in the complaint. See Pac. Radiation Oncology, LLC., 810 F.3d at 633. Because plaintiff's motion for injunctive relief is not based on the claims raised in the complaint, such claims should be pursued in a separate action.

Plaintiff asserts that his motion is related to the retaliation claims in his complaint because he was put into the RHU at CSP-COR because of the retaliation he suffered at MCSP. But the Ninth Circuit is clear that the nexus must be to the claims raised in the underlying complaint. Id. at 636. Absent such nexus, the court lacks the authority to grant plaintiff any relief. Id.; see also Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (finding prisoner's claim for injunctive relief based on retaliation for bringing the lawsuit was entirely different and separate from the underlying conduct raised in the civil rights action). Whether plaintiff can be safely housed at MCSP is not part of plaintiff's underlying complaint. Because plaintiff's motion for injunctive relief prohibiting his housing at MCSP is not included in his complaint, plaintiff's motion should be denied.

---

[2] Plaintiff refers to "the hole" and "administrative segregation" (ECF No. 2 at 12), but defendants provided evidence that plaintiff is held in a Restrictive Housing Unit ("RHU") at CSP-COR. The Court will refer to the RHU.

Further, plaintiff seeks restoration of his level-3 override. (ECF No. 2 at 1.) But plaintiff also did not seek this relief in his complaint. (ECF No. 1 at 106-08.) Such omission was appropriate because a prisoner does not have a right to a particular classification or custody level under the Due Process Clause. See Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level-3 prison as opposed to level-4 prison); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) ("[A] prisoner has no constitutional right to a particular classification status.") (quotation marks and citation omitted). Inmates do not have a right to be housed in any particular prison. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (conviction sufficiently extinguishes prisoner's liberty interest and empowers the state to confine him in any of its prisons; no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions). Moreover, plaintiff confirms that level-3 facility placement is required for inmates with a placement score of 36 through 59 points. (ECF No. 2 at 7 n.* (citing Cal. Code. Regs., tit. 15 § 3375.1 subd. (a)(3)).) But plaintiff admits he has 63 points. (Id. at 7.) Thus, housing in a level-3 facility is not required.

Therefore, it is recommended that plaintiff's motion be denied.

V.     UNRELATED CLAIMS

A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants, however, must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended, in part, "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id.

Here, in his motion, plaintiff raised issues concerning incidents at CSP-COR unrelated to the claims raised in his complaint. For example, plaintiff claims that while housed in the RHU at CSP-COR, he has been subjected to excessive force, deprived of sleep and his legal materials,

and claims he intends to amend his complaint to include these new claims and name new defendants. (ECF No. 2 at 8.) However, such allegations are not related to the retaliation claims raised in his complaint because they took place at a different prison and would involve different correctional officers or other prison staff at CSP-COR. Just because plaintiff was housed in the RHU at CSP-COR in response to events at MCSP, does not mean that plaintiff's claims concerning the conditions of confinement in the RHU at CSP-COR arose from the same transaction, occurrence, or series of transactions and occurrences that took place at MCSP as defined by the Federal Rules. Fed. R. Civ. P. 20(a)(2). Therefore, the Court cannot consider these unrelated claims raised by plaintiff in his motion.

## VI. CONCLUSION

For the reasons stated herein, this Court recommends that plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 2) be denied.

The Clerk of the Court is also directed to serve a copy of these findings and recommendations on Jon S. Allin, Supervising Deputy Attorney General (ECF No. 11).

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 2) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 27, 2025

/1/kend3801.tro.pi

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7