1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ADAM KENDALL,                              No.  2:24-cv-03801-DAD-CSK (PC)

11                   Plaintiff,                 ORDER ADOPTING FINDINGS AND
                                                RECOMMENDATIONS AND DENYING
12        v.                                    MOTION FOR A TEMPORARY
                                                RESTRAINING ORDER AND
13   BRAZIL, et al.,                            PRELIMINARY INJUNCTION

14                   Defendants.                (Doc. Nos. 2, 15)

15

16

17        Plaintiff Adam Kendall is a state prisoner proceeding *pro se* in this civil rights action

18   brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate

19   Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

20        On December 30, 2024, plaintiff filed the complaint initiating this action along with a

21   motion for a temporary restraining order and a preliminary injunction.  (Doc. Nos. 1, 2.)  On

22   January 24, 2025, the assigned magistrate judge requested that the California Department of

23   Justice submit a response to the pending motion.  (Doc. No. 7.)  On February 4, 2025,

24   Supervising Deputy Attorney General Jon Allin filed an opposition by special appearance.  (Doc.

25   No. 11.)  On February 25, 2025, plaintiff filed a reply.  (Doc. No. 14.)

26        On February 28, 2025, the assigned magistrate judge issued findings and

27   recommendations recommending that plaintiff's motion for a preliminary injunction and

28   temporary restraining order be denied.  (Doc. No. 15.)  Specifically, the magistrate judge

                                                1

1    observed that plaintiff's motion seeks injunctive relief, such as relief restoring plaintiff's "level 3

2    override," prohibiting his return to the Mule Creek State Prison ("MCSP"), and requiring that he

3    be placed at either the California Medical Facility ("CMF") or the California Men's Colony

4    ("CMC").  (*Id*. at 4.)  The magistrate judge noted that plaintiff "did not seek this relief in his

5    complaint" and for good reason—inmates do not have a right to a particular custody level or to be

6    housed in a particular prison.  (*Id*. at 3–6) (citing *Pac. Radiation Oncology, LLC v. Queen's Med.*

7    *Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("We hold that there must be a relationship between the

8    injury claimed in the motion for injunctive relief and the conduct asserted in the underlying

9    complaint.")).  The pending findings and recommendations were served on plaintiff and

10   contained notice that any objections thereto were to be filed within fourteen (14) days from the

11   date of service.  (*Id*. at 7.)  On March 18, 2025, plaintiff filed objections to the pending findings

12   and recommendations.  (Doc. No. 18.)  On April 14, 2025, plaintiff filed an additional notice

13   stating that he was transferred to the California Substance Abuse Treatment Facility and State

14   Prison and arguing that this transfer does not render moot his pending motion.  (Doc. No. 19.)

15          In plaintiff's objections, plaintiff argues that he "is not seeking an injunction based on new

16   claims not within his complaint" and that accepting the magistrate judge's findings and

17   recommendations "will amount to an abandonment of the courts [sic] duty to construe pro se

18   pleadings liberally."  (Doc. No. 18 at 9.)  The court has reviewed plaintiff's complaint and finds

19   that it seeks injunctive relief ordering the warden to require every prison guard to wear a body

20   camera, provide the option to have all disciplinary hearings recorded, immediately address

21   alleged systemic retaliation and other misconduct at MCSP, and halt any training of new guards

22   "until the systemic retaliation is rooted out and the toxic unsafe culture of MCSP changed."

23   (Doc. No. 1 at 106.)  In his complaint filed in this action, however, plaintiff does not seek

24   injunctive relief regarding restoring his level-3 status and effectuating his transfer to CMF or

25   CMC, although his 108-page complaint does include allegations regarding a purported physical

26   altercation between himself and prison guards at MCSP and the withdrawal of his "level-3

27   override."  (*Id*. at 77, 86–87.)  However, the court observes that even if plaintiff were to succeed

28   on the merits of his claims as asserted in his complaint, he has no legal right to be transferred to

2

1    CMF, CMC, or any other prison facility.  *See* Fed. R. Civ. P. 65(d)(2) (providing that an

2    injunction binds only the parties, their officers, agents, servants, employees, and attorneys, and

3    other persons actively in concert or participation with them); *see also Zepeda v. United States*

4    *Immigration & Naturalization Serv*., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may

5    issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction

6    over the claim; it may not attempt to determine the rights of persons not before the court.");

7    *Thompson v. Mike*, No. 17-cv-00319-DKW-RLP, 2018 WL 2144145, at *2 (D. Haw. May 9,

8    2018) ("Because neither the FDC (a federal facility) nor its administrators are parties to this

9    action, the Court is without authority to issue an injunction that would compel the FDC to accept

10    [the plaintiff].").  Accordingly, the court concludes that plaintiff's objections provide no basis

11    upon which to reject the pending findings and recommendations recommending that his motion

12    for a temporary restraining order and preliminary injunctive relief be denied.

13         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

14    de novo review of the case.  Having carefully reviewed the entire file, the court finds the findings

15    and recommendations to be supported by the record and by proper analysis.

16         Accordingly,

17    1.    The findings and recommendations issued on February 28, 2025 (Doc. No. 15) are

18         hereby ADOPTED;

19    2.    Plaintiff's motion for a preliminary injunction and temporary restraining order

20         (Doc. No. 2) is DENIED; and

21    3.    This matter is referred back to the assigned magistrate judge for further

22         proceedings.

23         IT IS SO ORDERED.

24    Dated:  __June 18, 2025__

25                                    DALE A. DROZD
                                      UNITED STATES DISTRICT JUDGE
26

27

28

                                    3