UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM MICHAEL KENDALL, | No.  2:24-cv-3801 DAD CSK P |
| Plaintiff, | |
| v. | ORDER |
| BRAZIL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding in forma pauperis and pro se in an action brought under 42 U.S.C. § 1983.  Multiple requests are pending.  As explained below, the pending findings and recommendations are vacated, plaintiff is granted an extension of time to file a second amended complaint, and his request for appointment of counsel is denied.

I.      BACKGROUND

At the time plaintiff filed his December 30, 2024 motion for injunctive relief, and his original and amended complaints alleging myriad constitutional violations while plaintiff was housed at Mule Creek State Prison ("MCSP"), plaintiff was housed in administrative segregation at California State Prison, Corcoran.  (ECF Nos. 1, 2, 17.)  On February 28, 2025, this Court recommended that plaintiff's motion for injunctive relief be denied.  (ECF No. 15.)  On April 14, 2025, plaintiff filed a notice of change of address to California Substance Abuse Treatment Facility ("CSATF") in Corcoran.  (ECF No. 19.)  On June 20, 2025, the district court adopted the

1

February 28, 2025 findings and recommendations and denied plaintiff's motion for injunctive relief.  (ECF No. 21.)  On September 2, 2025, this Court dismissed plaintiff's amended complaint, and granted him 30 days to file a second amended complaint.  (ECF No. 26.)  Following an order granting plaintiff an additional 60 days to amend, plaintiff failed to file a second amended complaint, and this Court recommended that this action be dismissed for failure to prosecute.  (ECF No. 31.)  Plaintiff's objections were due on or before December 26, 2025, because December 25, 2025 was a federal holiday.  Fed. R. Civ. P. 6.

On December 28, 2025, plaintiff signed a document styled, "Notice to the Court of Continuing Physical Abuse, First Amendment Violation and Request for Counsel."  (ECF No. 32.)  While plaintiff was housed at CSATF, plaintiff claimed prison guards stole plaintiff's nearly-completed appellate brief to be filed in his Ninth Circuit appeal in No. 25-9780, all of plaintiff's documents for the instant case, and six other open cases.  (Id. at 2.)  Plaintiff stated that he was transferred back to MCSP, and, upon arrival, prison guard Jenkins began threatening violence, and Jenkins and an unidentified guard denied plaintiff dinner, despite feeding all the other inmates, and both Jenkins and the unidentified guard commented on plaintiff's pending case.  (Id. at 2-3.)  On December 18, 2025, plaintiff claims that while plaintiff was asking for his legal documents and materials being withheld by MCSP prison guards, prison guards Corbin and Williams picked plaintiff up while his hands were restrained behind his back and slammed plaintiff on his face, resulting in physical injuries for which plaintiff was denied medical attention.  (Id. at 3.)  Plaintiff alleges that Sgt. Perez, who plaintiff alleges attacked plaintiff on September 23, 2024, "presided over and sanctioned the [2025] attack," and failed to intervene.  (Id.)  Plaintiff claims he is currently denied access to his legal documents and to a shower by defendants named in this case as well as their subordinates.  (Id. at 4.)  Plaintiff has told numerous prison guards, as well as the warden, about the denials, to no avail.  (Id.)  Plaintiff claims that the warden declined to order his subordinates to ensure plaintiff had shower shoes and was permitted to shower safely, and at one point the warden remarked that "[he] [is] aware of [plaintiff's] federal case, I have it right in front of me."  (Id.)  Plaintiff alleges that absent intervention, plaintiff will suffer more physical abuse and further constitutional violations.  (Id. at 6.)

Plaintiff seeks the appointment of counsel.  (ECF No. 32.)

On January 4, 2026, plaintiff signed a document stating that he is not receiving his legal mail, and his legal mail is not reaching the Court.  (ECF No. 33.)  Plaintiff claims he never received the Court's December 11, 2025 findings and recommendations (ECF No. 31), and only learned of its existence when he borrowed another prisoner's tablet.  (ECF No. 33 at 1.)  Plaintiff was shocked at the recommendation, because plaintiff had sent the court a request for extension of time and a request to restore the documents stolen from him on September 18, 2025.  (Id. at 1-2.)  On December 22, 2025, plaintiff immediately sent an opposition to the findings and recommendations, but that filing was not received by the Court.  (Id. at 2.)  Plaintiff stated he would raise his legal mail issues with the warden at his committee hearing on January 6, 2026, and would attempt to give copies of his filings to a participant at the hearing to be sent to the Court.  (Id.)

On December 29, 2025, plaintiff signed objections to the findings and recommendations, claiming he does not have access to the law library or to his legal documents.  (ECF No. 34 at 1.)  First, plaintiff alleges that the theft of his legal documents while he was housed at CSATF precludes his ability to file a second amended complaint.  Plaintiff did not learn of the missing legal documents until after he was transferred to Salinas Valley State Prison ("SVSP") on September 25, 2025.  (Id. at 2.)  Plaintiff filed grievances concerning the stolen documents, to no avail, was only permitted to attend law library three or four times, and was not given a tablet until October 29, 2025.  (Id. at 3.)  On November 29, 2025, plaintiff was transferred to the hole at SVSP and was denied law library, duplication services and his remaining legal documents until December 13, 2025.  (Id.)  Since plaintiff's transfer back to MCSP on December 17, 2025, plaintiff has not been given access to any of his legal documents, and he was put in the hole on December 20, 2025, and claims he will likely be transferred again in the coming weeks.  (Id.)  Second, plaintiff argues that while he had access to law library at SVSP in November 2025, he sent the court a request for extension of time and a request for the court to restore plaintiff's legal documents, and does not know why the court did not receive the filing.  (Id. at 4.)  Plaintiff contends that if the court can send him copies of filings in this case, plaintiff can file a second

3

amended complaint within 60 days of the date he receives the copies.  (Id. at 5.)

Plaintiff provided a copy of his typewritten "Request for Restoration of Documents and Extension of Time," signed November 20, 2025, in which plaintiff reiterates that he will be unable to file a second amended complaint unless the Court provides plaintiff all of the documents that were stolen and grant plaintiff an additional sixty days to file the amended pleading.  (ECF No. 35 at 3.)

II.    SUBSEQUENT ALLEGED CONSTITUTIONAL VIOLATIONS

Plaintiff's claim that on December 18, 2025, after plaintiff was returned to MCSP, prison guards Corbin and Williams and Sgt. Perez violated plaintiff's Eighth Amendment rights by using excessive force and failing to intervene in the use of force, allegedly in retaliation for plaintiff's protected conduct, took place long after plaintiff filed this action on December 30, 2024.[1]  Under limited circumstances, a plaintiff may add newly exhausted claims to an existing action.  See Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010) (authorizing amended complaint containing newly exhausted claims based on related conduct that occurred after the filing of the original complaint).  Here, the use of force took place on December 18, 2025, and plaintiff brought these claims to the Court's attention only ten days later, suggesting plaintiff could not have exhausted his administrative remedies as to either a First or Eighth Amendment claim based on the recent incident.  (ECF No. 32 at 6.)  Further, because there is no operative pleading on file, the Court cannot tell whether putative 2025 claims are possibly related to a claim plaintiff intends to pursue

---

[1] It is well established that the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust available administrative remedies before bringing a federal civil rights action.  See 42 U.S.C. § 1997e(a); Ross v. Blake, 578 U.S. 632, 638-39 (2016); Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (internal quotation marks omitted) (citing Porter v. Nussle, 534 U.S. 516, 532 (2002) (exhaustion requirement applies to all prisoner suits relating to prison life)).  "[A] prisoner must 'complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.'"  Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010) (quoting Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)).  An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement.  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

herein, and observes that only Sgt. Perez was named as a defendant in plaintiff's first amended complaint.  Thus, absent facts not alleged here, plaintiff must raise any claims arising from the use of force on December 18, 2025, in a new civil rights action after he exhausts his administrative remedies.

This same analysis applies to plaintiff's new claim that he is being denied a shower at MCSP.

## III.   PENDING FINDINGS AND RECOMMENDATIONS

Because plaintiff states that he did not receive the findings and recommendations, the findings and recommendations are vacated.  Plaintiff's request for an additional sixty days to file a second amended complaint is granted.  The Court observes that plaintiff's last four filings have reached the Court.

## IV.   MISSING LEGAL DOCUMENTS

Plaintiff claims that all of his legal documents relevant to this case were allegedly stolen while plaintiff was housed at CSATF, but later claims he had "remaining legal documents" he was trying to obtain upon his return to MCSP.  (ECF No. 32 at 2-3.)  It is unclear what specific legal documents remain available to plaintiff at MCSP once he is released from the hole, and what legal documents plaintiff needs to draft a second amended complaint that complies with the Court's September 2, 2025 order.[2]  Moreover, given plaintiff's voluminous filings in this case, as well as the unrelated nature of the claims raised in his original and amended complaints, the Court is unable to provide copies of the entire court record for free.  See, e.g., ECF No. 1 (255 pages); ECF No. 17 (286 pages).  Plaintiff is advised that his in forma pauperis status does not include the cost of copies.  The Clerk's Office will provide copies of documents at $0.50 per page.  Checks in the exact amount are made payable to "Clerk, USDC."  Copies of documents in cases may also be obtained by printing from the public terminals at the Clerk's Office or by contacting Cal Legal Support Group at 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-822-2030, fax

---

[2] Plaintiff references documents missing for other cases, including his almost-completed brief to be filed in the Ninth Circuit.  Plaintiff is advised that he must address those documents in each of those pending cases rather than in this case.

916-400-4948.

That said, this Court's September 2, 2025 screening order provided plaintiff detailed guidance on the claims the Court found were cognizable.  (ECF No. 26.)  Plaintiff is not required to cite legal authorities or provide exhibits with his second amended complaint.  Rather, plaintiff is only required to include a short and plain statement of what each defendant did or did not do that violated plaintiff's constitutional rights.  Fed. R. Civ. P. 8(a).  Therefore, the Court will provide plaintiff with another copy of the September 2, 2025 screening order, as well as a copy of his first amended complaint without the exhibits (ECF No. 17 at 1-107).  If plaintiff wishes to continue pursuing this action, he must file a second amended complaint that complies with the September 2, 2025 order, including:

> Plaintiff is granted leave to file a second amended complaint in which he raises only those claims arising from the same transaction, occurrence, or series of transactions and occurrences in which all of the named defendants were involved.  In addition, if plaintiff files a second amended complaint, plaintiff should not renew retaliation or other claims unless they are based on incidents where the Court found plaintiff stated a potentially cognizable claim as outlined above.
>
> . . . .
>
> **Plaintiff's second amended complaint shall not exceed 25 pages.**

(ECF No. 26 at 40.)  In order to facilitate the filing of the second amended complaint, plaintiff may wish to use the court's form complaint.

V.      REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

(9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Here, the record establishes that plaintiff is able to articulate his claims, and the lack of an operative pleading precludes the Court's determination of the complexity of plaintiff's putative claims and whether plaintiff has a likelihood of success on the merits.  Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

VI.    ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for the appointment of counsel (ECF No. 32) is denied without prejudice.

2.  The December 11, 2025 findings and recommendations (ECF No. 31) are vacated.

3.  Plaintiff's motion for extension of time (ECF No. 35) is granted.

4.  Plaintiff's request for the Court to provide plaintiff copies of the entire court record (ECF No. 35) is denied.

5.  Plaintiff is granted sixty days from the date of this order to file a second amended complaint that complies with the September 2, 2025 order (ECF No. 26).

6.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner, a copy of the September 2, 2025 order (ECF No. 26), and a copy of his first amended complaint without the exhibits (ECF No. 17 at 1-107).

Dated:  January 14, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/kend3801.31.eot+

7