UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM MICHAEL KENDALL,

Plaintiff,

v.

BRAZIL, et al.,

Defendants.

No.  2:24-cv-3801 DAD CSK P

ORDER

Plaintiff is a state prisoner proceeding in forma pauperis and pro se in an action brought under 42 U.S.C. § 1983.  Plaintiff filed a motion for extension of time to file his second amended complaint, and included a request to discontinue participation in the magistrate judge program, and a request to exceed the 25 page limit.  (ECF No. 37.)  As explained below, plaintiff is granted a third and final extension of time to file a second amended complaint, and his remaining requests are denied.

I.      BACKGROUND

At the time plaintiff filed his December 30, 2024 motion for injunctive relief, and his original and amended complaints alleging myriad constitutional violations while plaintiff was housed at Mule Creek State Prison ("MCSP"), plaintiff was housed in administrative segregation at California State Prison, Corcoran.  (ECF Nos. 1, 2, 17.)  On February 28, 2025, this Court recommended that plaintiff's motion for injunctive relief be denied.  (ECF No. 15.)  On April 14,

1

2025, plaintiff filed a notice of change of address to California Substance Abuse Treatment Facility ("CSATF") in Corcoran.  (ECF No. 19.)  On June 20, 2025, the district court adopted the February 28, 2025 findings and recommendations and denied plaintiff's motion for injunctive relief.  (ECF No. 21.)

On September 2, 2025, this Court dismissed plaintiff's amended complaint, and granted him 30 days to file a second amended complaint.  (ECF No. 26.)  On October 3, 2025, plaintiff was granted an additional 60 days file a second amended complaint.  (ECF No. 30.)

On January 14, 2026, plaintiff was granted an additional sixty days to file a second amended complaint.  (ECF No. 36.)  This Court's last order sets forth in detail what took place between the October 3, 2025 order and the January 14, 2026 order granting plaintiff's second request for extension of time, and such details are not repeated here.  (Id. at 2-4.)  Plaintiff now seeks an extension, timely-filed under the mailbox rule, until April 13, 2026, in which to file a second amended complaint, and requests that the page limit be increased to 75 pages, and that he be permitted to no longer "participate in the magistrate judge program."  (ECF No. 37.)

II.      REQUEST TO DISCONTINUE PARTICIPATION IN MAGISTRATE JUDGE
         PROGRAM

Plaintiff is advised that his case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Plaintiff claims he signed a "form" to participate in such a program, which given his description, was likely a consent to proceed under a magistrate judge's jurisdiction.  The Court is not allowed to view such filing.  (ECF No. 13 (Consent/Decline form sealed).)  Nevertheless, plaintiff's case was not transferred to the jurisdiction of the undersigned by virtue of his consent.  Indeed, each named defendant would also have to consent to the jurisdiction of a magistrate judge for the case to be so transferred. That said, because no defendant has filed a consent, plaintiff need not show good cause to revoke his consent to the magistrate judge's jurisdiction.  See Gilmore v. Lockard, 936 F.3d 857, 862-63 (9th Cir. 2019).  Therefore, this Court construes plaintiff's motion as a motion to withdraw his consent to the magistrate judge's jurisdiction (ECF No. 13), and grants the motion.

/ / /

2

However, plaintiff is cautioned that all pretrial motions in prisoner cases remain referred to the undersigned under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  If the motion is dispositive, the magistrate judge must address the motion by findings and recommendations.  This is evidenced by this Court's findings and recommendations to the district court on plaintiff's motion for injunctive relief, and it was the district judge who ultimately denied plaintiff's motion for injunctive relief.  (ECF Nos. 15, 21.)  In any event, this district has one of the largest caseloads in the country and handles its large volume of cases by referring certain cases to the magistrate judges.[1]  Thus, to the extent plaintiff requests that this action no longer be assigned to the undersigned, such request is denied.

Plaintiff's numerous objections to the rulings of the undersigned could be viewed as a request to disqualify the undersigned.  Pursuant to 28 U.S.C. § 455, a magistrate judge shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned or where she has a personal bias or prejudice concerning a party.  In plaintiff's motion, he speculates that the undersigned is biased against plaintiff.  (ECF No. 37 at 2-4.)  This Court does not find disqualification is appropriate in this matter.

III.    REQUEST TO EXCEED PAGE LIMIT

Ordinarily, prisoner complaints are limited to 15 pages.  In light of plaintiff's lengthy complaint and amended complaint, the Court limited plaintiff's second amended complaint to 25 pages.  See, e.g., ECF No. 1 (255 pages); ECF No. 17 (286 pages).  Plaintiff has not demonstrated a need to file a pleading that is 75 pages long, particularly where the Court's September 2, 2025 screening order provided plaintiff detailed guidance on the claims the Court found were cognizable.  (ECF No. 26.)  Plaintiff is not required to cite legal authorities or provide exhibits with his second amended complaint.  Rather, plaintiff is only required to include a short and plain statement of what each defendant did or did not do that violated plaintiff's constitutional rights.

---

[1]  "Judges in the Eastern District of California carry the heaviest caseloads in the nation." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014); Foust v. Hall, 2016 WL 3019394, at *5 (E.D. Cal. May 26, 2016) ("the Eastern District of California maintains one of the heaviest caseloads in the nation, a significant portion of which is comprised of pro se inmate cases.").

3

Fed. R. Civ. P. 8(a). With this Court's January 14, 2026 order granting plaintiff's second request for extension of time, the Court provided plaintiff with another copy of the screening order (ECF No. 26), as well as a copy of his first amended complaint without the exhibits (ECF No. 17 at 1-107). If plaintiff wishes to continue pursuing this action, he must file a second amended complaint that complies with the September 2, 2025 order, including:

> Plaintiff is granted leave to file a second amended complaint in which he raises only those claims arising from the same transaction, occurrence, or series of transactions and occurrences in which all of the named defendants were involved. In addition, if plaintiff files a second amended complaint, plaintiff should not renew retaliation or other claims unless they are based on incidents where the Court found plaintiff stated a potentially cognizable claim as outlined above.
>
> . . . .
>
> **Plaintiff's second amended complaint shall not exceed 25 pages.**

(ECF No. 26 at 40.) The Court suggested plaintiff use the court's form complaint to facilitate the filing of his second amended complaint. Plaintiff's page limit remains 25 pages, and plaintiff is cautioned that any pages filed in excess of the 25-page limit may not be considered.

IV.    REQUEST FOR THIRD EXTENSION OF TIME

Plaintiff asks for a third extension of time until April 13, 2026, in which to file his second amended complaint. Good cause appearing, plaintiff is granted a third and final extension of time until April 13, 2026, in which to file his second amended complaint that complies with the September 2, 2025 order. Plaintiff is cautioned that no further extensions of time will be granted. Plaintiff has had over five months to prepare his second amended complaint. Failure to timely file a second amended complaint will result in a recommendation that this action be dismissed.

V.    ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to withdraw his consent to magistrate judge jurisdiction (ECF No. 37) is granted.

2. The Clerk of the Court is directed to withdraw plaintiff's consent (ECF No. 13).

3. Plaintiff's request to have this case reassigned away from the undersigned or to

disqualify the undersigned (ECF No. 37) is denied.

    4. Plaintiff's request to exceed the 25 page limit (ECF No. 37) is denied.

    5. Plaintiff's motion for extension of time (ECF No. 37) is granted.

    6. On or before April 13, 2026, plaintiff shall file a second amended complaint that complies with the September 2, 2025 order (ECF No. 26).

Dated: March 31, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/kend3801.eot3

5