UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM KENDALL,

Plaintiff,

v.

BRAZIL, et al.,

Defendants.

No. 2:24-cv-3801 DAD CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff recently filed two documents without case numbers, apparently seeking information on how to file a new action concerning incidents at the California Health Care Facility where he is now housed.

October 8, 2026 Letter

In this letter, plaintiff asks the Clerk for permission to file a complaint that exceeds 25 pages, and to file it directly with the Court.[1] (ECF No. 45 at 1.) Plaintiff states he cannot electronically file the complaint because he does not have access to the law library and cannot safely hand the complaint to prison staff. (Id.) Plaintiff is advised that he must file his complaint,

[1] Plaintiff claims this is his second letter, having submitted a letter in September 2026, but had not received a response. (ECF No. 45 at 1.) The docket in this case does not reflect a September filing by plaintiff. (See Docket.)

along with his application to proceed in forma pauperis or payment of the Court's filing fee, along with his request to exceed the 25 page limit and his explanation of why he cannot file the complaint through electronic means at the prison. Once the case is assigned a case number, the assigned judge will address the request in the new case.

October 20, 2026 Letter

In his October 20, 2026 letter, plaintiff expressly states his filing has nothing to do with his existing case, Kendall v. Brazil, No. 2:24-cv-3801 DAD CSK, and asks that the letter not be assigned any particular case number. (ECF No. 46.) Plaintiff seeks to schedule a hearing for a temporary restraining order and motion for preliminary injunction, and needs a court order to appear at the hearing. (Id.) Plaintiff is advised that he cannot obtain a hearing on a motion for temporary restraining order or motion for preliminary injunction in this manner. First, plaintiff must file a complaint because the injunctive relief an applicant requests must relate to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Plaintiff was provided the legal standards governing requests for injunctive relief in this Court's findings and recommendations issued on February 28, 2025. (ECF No. 15 at 2-4.) Second, plaintiff must file his motion for temporary restraining order or preliminary injunction. Third, motions in prisoner cases are submitted on the papers pursuant to Local Rule 230(l).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to exceed page limit (ECF No. 45) is denied without prejudice; and
2. Plaintiff's motion to schedule a hearing for a motion for temporary restraining order and preliminary injunction (ECF No. 46) is denied.

Dated: October 29, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/kend3801.mots.new case.den